FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRADY BAUGHMAN, <br><br> Defendant. | No. 2:22-CR-00072-MKD-1 <br><br> ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT <br><br> **MOTION GRANTED** <br> **(ECF No. 9)** |

      On April 10, 2023, the Court held a hearing for Defendant BRADY BAUGHMAN's initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Assistant Federal Defender Lorinda Youngcourt. Legal Intern Gloria Herrera, supervised by Assistant U.S. Attorney Rebecca Perez, represented the United States. U.S. Probation Officer Shawn Kennicutt was also present.

      Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf. The Office of the Federal Defenders of Eastern Washington and Idaho was appointed to represent the Defendant in this matter.

      The United States is seeking Defendant's detention. **ECF No. 9**. Defendant, personally and through counsel, waived his right to a detention hearing.

ORDER - 1

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 9**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

2. If a party desires this Court to reconsider Defendant's detention because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

3. **Pursuant to Federal Rule of Criminal Procedure 5(f), the Government is advised:**

   a. Pursuant to F. R. Crim. P. 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court

ORDER - 2

orders the government to produce to the defendant in a timely manner all such information or evidence.

b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

c. If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

d. This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the

ORDER - 3

defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

**IT IS SO ORDERED.**

DATED April 11, 2023.



JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4